NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0155n.06
Filed: February 27, 2006

Case No. 05-5572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEITH RICE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER and MOORE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-appellant, Keith Rice ("Rice"), appeals the district court's determination that substantial evidence supports the decision of the Administrative Law Judge upholding the Commissioner's denial of Rice's disability insurance benefits. Because substantial evidence supports this finding, we affirm.

I.

On September 28, 1994, Rice filed applications for disability insurance benefits and supplemental income. The Commissioner granted his applications due to his substance addiction disorder and a personality disorder, and Rice was awarded a period of disability insurance benefits and supplemental security income. However, in1996, Congress enacted Public Law 104-121 that ended all disability payments for which "drug addiction and/or alcoholism was a contributing factor

material to . . . [the] disability." The Commissioner notified Rice that because substance addiction contributed to his disability, his disability benefits would end effective January 1, 1997. Rice requested an administrative hearing to determine whether his disability continued and to demonstrate that substance abuse was not a contributing, material factor to his disability.

On December 22, 1998, after Rice's administrative hearing, Administrative Law Judge John A. Ransom ("ALJ Ransom") found Rice not disabled. The Appeals Council denied Rice's request for review, and Rice filed a civil action with the U.S. District Court. On October 31, 2001, district court Judge Wix G. Unthank reversed ALJ Ransom's decision and remanded for further consideration of Rice's psychological problems pursuant to Sentence Four of 42 U.S.C. 405(g). (Tr. 241, 280-289).

On July 10, 2000, however, Rice had filed an additional application for disability insurance benefits alleging that his disability began on June 30, 2000, due to severe anxiety and personality disorders. The Agency denied this application initially and on reconsideration. On appeal, Administrative Law Judge David S. Antrobus ("ALJ Antrobus") then consolidated this second application with Rice's previous application that Judge Unthank had remanded.

ALJ Antrobus conducted administrative hearings on January 2, 2002, and October 28, 2002, at which Rice and a vocational expert testified. At the hearings, pursuant to 20 C.F.R. 404.1520, ALJ Antrobus performed the proper five-step sequential analysis used to determine whether a plaintiff is disabled. The results clearly indicated that Rice did not qualify for disability insurance. On February 25, 2003, ALJ Antrobus issued his decision that Rice was not disabled. The Appeals Council denied Rice's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Rice then filed a civil action in the U.S. District Court (E.D. Ky.) seeking reversal

2

of the Commissioner's decision, and both parties filed Motions for Summary Judgment. Judge Henry R. Wilhoit, Jr. thoroughly reviewed ALJ Antrobus's decision, found it supported by substantial evidence, and on January 27, 2005, issued an opinion that overruled Rice's motion for summary judgment. Rice appeals Judge Wilhoit's decision.

## II.

Our review is limited to determining whether the findings of the Commissioner are supported by substantial evidence, and whether the correct legal standards were applied. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ. *See Buxton v. Halter*, 246 F.3d 762, 772-773 (6th Cir. 2001).

On appeal, Rice argues that ALJ Antrobus did not comply with Judge Unthank's Remand Order that remanded ALJ Ransom's decision for further consideration of Rice's psychological problems from 1997 to 2001. In support of his position, Rice contends: (1) that "ALJ [Antrobus] did not ask Rice whether the selection of the onset date in the second application was intended to be an amended onset date"; (2) that "[t]here was no discussion on the record prior to the Unfavorable Decision by ALJ Antrobus that the district court's remand would not be considered"; and (3) that in an application for benefits the Social Security Administration "will not accept an onset date earlier than the Unfavorable Decision." Rice offers these observations, however, without elaboration or legal argument, failing even to hint at their legal significance or virtue. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th

3

Cir.1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived.").

Although Rice has presented his claim in the most cursory fashion and we are inclined to dismiss it accordingly, nevertheless, we have considered the merits of his challenge and hold that his contention lacks merit. Before Judge Wilhoit, Rice argued that ALJ Antrobus erred in finding no disability because the Unfavorable Decision was not supported by substantial evidence. Rice asked the district court to find that ALJ Antrobus erred because (1) Rice suffers from anxiety and personality disorders, and (2) the vocational expert's hypothetical question was not supported by substantial evidence. Upon review, the district court agreed with ALJ Antrobus's consolidation of Rice's two disability applications, and then considered whether substantial evidence supported both ALJ Antrobus's findings. After a thorough review of the record, the district court affirmed ALJ Antrobus's decision and denied Rice's Motion for Summary Judgment. We find substantial evidence supporting ALJ Antrobus's findings, and hold that the district court did not err in affirming them.

ALJ Antrobus's Unfavorable Decision is rife with medical and psychological evidence and examinations, all of which support finding Rice ineligible for disability benefits. These evaluations began November 2, 2000, just days after Judge Unthank's Remand Order—suggesting that they were conducted pursuant to that order—and continued through December 2002, just two months before ALJ Antrobus's decision. ALJ Antrobus considered these examinations, and nothing in the record indicates that these psychological evaluations focused exclusively on the more recent onset date period (June 30, 2000 - December 2002) and ignored the earlier onset date period (1997-2001)

4

that was the subject of Judge Unthank's Remand Order. Thus, Rice's contention that consolidating the claims failed to comply with Judge Unthank's remand lacks merit.

Furthermore, substantial evidence in the record supports the ALJ's conclusion that the "medical evidence indicates that the claimant has a substance addiction disorder, a personality disorder, and back pain, impairments that are 'severe' within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix as required by the regulations." The psychological evaluations that ALJ Antrobus considered clearly indicate that Rice's "psychiatric impairments do not meet or equal the requirements of any psychiatric listing section of Appendix 1." We agree with ALJ Antrobus's conclusion that the medical evidence in the record reflects that Rice's disability is caused or exacerbated by chronic substance abuse and addiction, and that if Rice were to achieve sobriety, he would not be precluded from light work. Simply stated, the record supports the determination that Rice is ineligible to receive disability insurance payments pursuant to Public Law 104-121, and ALJ Antrobus did not improperly consolidate the claims so as to violate Judge Unthank's Remand Order.

Substantial evidence supports ALJ Antrobus's decision, and we **AFFIRM** the judgment of the district court.