NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0233n.06

No. 13-6101

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Mar 27, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEPHANIE M. HILL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| COMMISSIONER OF SOCIAL SECURITY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

KETHLEDGE, Circuit Judge. Stephanie Hill appeals the district court's judgment affirming an administrative law judge's denial of her application for social-security benefits. Having reviewed the record, we conclude that substantial evidence supports the ALJ's findings. We therefore affirm.

I.

Stephanie Hill previously worked as a waitress and fast-food cook. Hill has not worked since 2007, when she allegedly became overwhelmed by scoliosis, bipolar disorder, anxiety, migraine headaches, and pain in her back, neck, knees, and ankles. In 2010, Hill filed applications for disability insurance benefits and supplemental security income. An ALJ determined that Hill could not perform her past work as a cook or a waitress, but that she was

---

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

capable of performing light work, and therefore was not disabled. The Appeals Council denied review of the decision, and Hill appealed to federal court. A magistrate judge recommended that the district court affirm the ALJ's decision. The district court adopted that recommendation over Hill's objections. This appeal followed.

II.

We review only whether the ALJ applied the correct legal standards and reached a conclusion supported by substantial evidence. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id* (internal quotation marks omitted).

A.

Hill first argues that the ALJ violated the "treating-physician rule" when she rejected Dr. Yoglesh Malla's medical opinion. That rule requires an ALJ to give a treating-physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). An ALJ must give "good reasons" supported by evidence in the record if she declines to give controlling weight to that opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

As Hill's treating pain-management specialist, Malla diagnosed Hill with lumbar facet arthropathy (low-back degenerative arthritis), cervical facet joint arthropathy (neck degenerative arthritis), and knee osteoarthritis (knee arthritis). He also determined that she could no longer work. But the ALJ gave several good reasons for declining to give Malla's opinion controlling weight. First, Malla's opinion was not supported by the medical tests that he ordered. The radiologist who read and interpreted Hill's CT scan reported that Hill's arthritis was "mild";

Hill's bilateral-knee x-ray showed "no obvious osteoarthritis" or other acute problems; and Malla's post-imaging treatment notes reported the same test results. Yet Malla did not adjust his diagnosis.

Second, Malla's treatment notes did not support his opinion that Hill had severe physical limitations. Malla's initial-examination notes stated that Hill had normal posture, normal ability to walk, and no limitations in her motor functioning, grip strength, reflexes, sensations, or extremity range-of-motion. He also noted that Hill said that she could walk, sit, stand, climb stairs, dress herself, and drive a car unassisted. Malla's notes from Hill's last visit to him said that she was "doing fine" and that more than 50% of her pain had been relieved by her medications. The notes therefore undermine his opinions. *See Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011).

Third, the ALJ found that Hill's chiropractic and physical-therapy treatment notes showed that she had "significantly more physical ability than Dr. Malla has opined." *See Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 806 (6th Cir. 2011).

Finally, the ALJ observed that Malla's opinion was inconsistent with Hill's own statements about her daily activities, which included housekeeping and caring for her five-year-old daughter as a single mother. *See id.* at 805. Thus, the ALJ gave adequate reasons for rejecting Malla's opinion.

Hill also contends that the ALJ erred when it credited the opinion of Dr. David Swann (a non-treating physician) over Malla (her treating physician). As already noted, however, the ALJ had good reason to give "little to no weight" to Malla's opinion. The ALJ instead gave "considerable weight" to the opinion of Swann, who reviewed Hill's record and assessed that she could perform medium-exertional work. Hill responds that the ALJ should not have credited

Swann's opinion because he signed off on a form that was prepared by the state-agency decision maker. *See Johnson v. Comm'r Soc. Sec. Admin.*, 652 F.3d 646, 650-51 (6th Cir. 2011). Whereas Malla's opinion was undermined by substantial evidence, that same substantial evidence supported Swann's opinion. The ALJ did not err in crediting Swann's opinion. *See id*. at 652.

### B.

Hill also challenges the ALJ's evaluation of her mental limitations. Hill first argues that the ALJ improperly weighed the opinion of her therapist, Charles Cox. Hill concedes that Cox, a licensed marriage and family therapist, is not an "acceptable medical source" under 20 C.F.R § 404.1513(a)(2), and thus that his opinion could not be given controlling weight. Instead, Hill argues that the ALJ failed to properly consider Cox's opinion as an "other source." SSR 06-03p at 6.

An ALJ must consider other-source opinions and "generally should explain the weight given to opinions for these 'other sources[.]'" *Id*. But other-source opinions are not entitled to any special deference. *See id*. Here, the ALJ "thoroughly considered" Cox's opinion before assigning it "little to no weight." The ALJ found that the allegedly severe mental limitations that Cox identified were not supported by the objective record and were inconsistent with other substantial evidence. For example, Cox found that Hill was extremely limited in her ability to relate to co-workers, interact with supervisors, and behave in an emotionally stable manner. He also found that she was seriously limited in her ability to maintain her personal appearance and relate predictably in social settings. But Cox's own treatment notes repeatedly described Hill as cooperative, polite, readily engaging, displaying neat appearance, coherent speech, good eye-contact, and verbal skills. *See Leeman*, 449 F. App'x at 497. In addition, Cox's opinions that

Hill was extremely limited in her ability to maintain attention and concentration, be reliable, and that she was seriously limited in her ability to function independently were all undermined by Hill's own testimony that she was the sole caretaker for her daughter and that she managed her home and finances. *See Francis*, 414 F. App'x at 805. Thus, the ALJ properly considered the Cox's opinion as an "other source" and explained her reasons for giving it "little to no weight."

Hill further asserts that the ALJ erred when it assessed Cox's medical source statement, which was submitted after the hearing. Hill contends that Cox's statement identified impairments that were not addressed by other mental health experts at the ALJ hearing, and therefore that the ALJ should have deferred to Cox's assessment or referred his opinion to a medical expert for further consideration. For the reasons above, however, the ALJ found Cox's opinions incredible and therefore had no reason to seek a follow-up assessment based upon them.

Hill also argues that the ALJ erred by assigning "controlling weight" to the assessment of Dr. Tom Wagner, an impartial psychological expert who testified at the hearing. An ALJ must weigh all medical opinions presented. 20 C.F.R. § 404.1527(c). Here, the ALJ said that "great and controlling weight" was given to Wagner's assessment, which is technically wrong because "controlling weight" is a level of deference reserved for treating sources, and Wagner did not treat Hill. *Id.*; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). When viewed as a whole, however, the ALJ's decision shows that she indeed weighed all of the mental-health opinions presented to her. *See id*. She considered opinions from Wagner, Bruce Amble, Ph.D., a psychological consultative examiner, Larry Freudenberger, Psy.D, a Kentucky state-agency psychologist, and Cox, Hill's therapist. *Id*. The ALJ assigned "considerable weight" to Dr. Amble's and Dr. Freudenberger's opinions, "little to no weight" to Cox's opinion, and after considering the "totality of the evidence," the ALJ determined that Wagner provided

the "most accurate and detailed assessment" of Hill's abilities and limitations. Thus, the ALJ's error in labeling the weight she gave to Wagner's opinion as "controlling" was harmless because the ALJ's opinion on a whole was consistent with the regulations. *See also Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007).

In summary, substantial evidence—including the objective record of treatment and Dr. Wagner's impartial expert opinion—supported the ALJ's determination of Hill's mental-health limitations. *See Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989).

## C.

Hill next argues that the ALJ failed to consider the combined effects of all of her impairments. Specifically, she says that the ALJ failed to consider whether her bipolar disorder and obesity exacerbate her neck, back, and knee pain. But "[a]n ALJ's individual discussion of multiple impairments does not imply that [s]he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet" a listed impairment. *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). And here, the ALJ found that Hill did not have a "combination of impairments that meets or medically equals one of the listed impairments[.]" Thus, Hill's combined-effects argument is meritless.

Hill also contends briefly that the ALJ failed to recognize her post-traumatic stress disorder as a severe impairment. But disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *See Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988). And Hill cites no evidence or authority to show that inclusion of PTSD as a severe impairment would have changed the ALJ's assessment of her functional limitations.

Thus, Hill's cursory argument that the ALJ failed to denote PTSD as a severe limitation is waived. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006).

D.

Hill next argues that the ALJ erred in the last step of the disability analysis set out in 20 C.F.R. § 404.1520. For this step, the burden of proof shifts to the government to show "by substantial evidence that [Hill] has the vocational qualifications to perform specific jobs." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (internal quotation marks omitted). "[S]ubstantial evidence may be produced through reliance on the testimony of a vocational expert [] in response to a hypothetical question, but only if the question accurately portrays [the claimant's] individual physical and mental impairments." *Id*. at 512-13 (internal quotation marks omitted). Here, Hill contends that the hypothetical question that the ALJ posed to the vocational expert did not accurately portray her mental impairments because it did not include a limitation identified by Dr. Freudenberger: that she could only sustain concentration for "2 hour segments over an 8 hour workday." But a hypothetical is inaccurate when it fails to include a specific limitation found by the ALJ. *See id*. at 516-17. And here the ALJ posed hypotheticals based on someone who had "the mental health limitations as per Dr. Wagner in his testimony today." The hypothetical therefore accurately portrayed the mental impairments that the ALJ found to be supported by "the objective record of treatment and the opinion of impartial psychological expert Dr. Tom Wagner." Thus, the vocational expert's testimony provided substantial evidence for the ALJ to determine that there were jobs that existed in significant numbers in the national economy that Hill could perform.

\*　　\*　　\*

The district court's judgment is affirmed.