NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0054n.06

No. 15-1419

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2016
DEBORAH S. HUNT, Clerk

|                                          |     |                                    |
|------------------------------------------|-----|------------------------------------|
| GARY L. RIPLEY,                          | )   |                                    |
|                                          | )   |                                    |
|    Plaintiff-Appellant,   | )   |                                    |
|                                          | )   | ON APPEAL FROM THE UNITED          |
| v.                                       | )   | STATES DISTRICT COURT FOR          |
|                                          | )   | THE WESTERN DISTRICT OF            |
| COMMISSIONER OF SOCIAL SECURITY,         | )   | MICHIGAN                           |
|                                          | )   |                                    |
|    Defendant-Appellee.    | )   |                                    |

BEFORE: MERRITT, BATCHELDER, and DONALD, Circuit Judges.

PER CURIAM. Gary L. Ripley appeals the district court's judgment affirming the denial of his application for disability insurance benefits.

In 2006, Ripley filed an application for disability insurance benefits, alleging that he became disabled on August 20, 2005. After the Social Security Administration denied the application, Ripley requested a hearing before an administrative law judge (ALJ). The ALJ denied Ripley relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Ripley's application.

On appeal, Ripley raises three arguments: (1) the ALJ erred by failing to properly consider the full extent of his impairments and their combined effect on his ability to work; (2) the ALJ erred by discounting the medical opinion of his treating physician; and (3) the ALJ erred by concluding that he failed to satisfy the requirements of one of the regulatory listings for spinal disorders.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Ripley first argues that the ALJ erred by failing to properly consider that his impairments worsened and that he developed new impairments between August 20, 2005, his alleged onset date of disability, and December 31, 2005, his date last insured. Ripley further argues that the ALJ failed to properly consider the combined effect of his impairments on his ability to work.

Substantial evidence supports the ALJ's determination that Ripley is capable of performing a limited range of light work. The ALJ discussed the medical evidence from the relevant period and shortly thereafter, and reasonably concluded that, viewed in the context of the record as a whole, the evidence did not show that Ripley was suffering from disabling impairments. In addition, the record reflects that the ALJ recognized his responsibility to consider the combined effect of Ripley's impairments and that he did so in determining Ripley's functional limitations.

Ripley next argues that the ALJ erred by discounting the medical opinion of his treating physician, Dr. Christine Blakeney, who concluded that Ripley's impairments imposed several work-related functional limitations. A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If it is not given controlling

weight, the ALJ must weigh the treating source's opinion based on the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id*.

Substantial evidence supports the ALJ's decision to discount Dr. Blakeney's opinion, given that Blakeney did not begin treating Ripley until February 2006, after the end of the relevant period, and her opinion, issued nearly three years later, does not specifically address the extent of Ripley's functional impairment during the relevant period. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010).

Finally, Ripley argues that the ALJ erred by concluding that he failed to satisfy the requirements of the regulatory listing for spinal disorders set forth in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Ripley forfeited this claim by failing to specifically address in his briefs to the district court how the evidence in the record shows that he satisfied each of the requirements of § 1.04(A). *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534-35 (6th Cir. 2001). And, in any case, substantial evidence supports the ALJ's determination that Ripley failed to meet the listing because the evidence does not show that Ripley had any limitation in the range of motion of his spine or motor loss accompanied by sensory or reflex loss. *See Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 529 (6th Cir. 2006).

Accordingly, we **AFFIRM** the district court's judgment.