**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0308n.06

No. 16-4202

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MAXINE REMIAS, | ) | **FILED** |
| | ) | Jun 05, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: COLE, Chief Judge; GIBBONS and ROGERS, Circuit Judges.

PER CURIAM. Maxine Remias appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In 2010, Remias filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on May 21, 2010. After the Social Security Administration denied the applications, Remias requested a hearing before an administrative law judge (ALJ). The ALJ conducted a hearing and denied Remias relief. The Appeals Council remanded for further consideration. The ALJ conducted a second hearing and again denied Remias relief. The Appeals Council declined to review the case. The district court affirmed the denial of Remias's applications.

On appeal, Remias argues that the ALJ erred by concluding that her testimony was not credible, by failing to give controlling weight to the opinions of her treating physicians, and by

failing to properly weigh the medical-opinion evidence. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Remias first argues that the ALJ erred by concluding that she did not testify credibly concerning the extent to which her psychological impairments limit her ability to work. We accord great weight and deference to an ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Substantial evidence supports the ALJ's decision to discount Remias's testimony. As noted by the ALJ, Remias's treatment records generally discussed family issues rather than documenting significant, work-preclusive psychological problems. The records also show that Remias has not been hospitalized on a psychiatric basis, and, in October 2013, she reported to her physician that she was doing okay on medication. The ALJ also reasonably relied on discrepancies between Remias's testimony and previous statements concerning the frequency of her panic attacks and whether she was able to babysit her grandchildren.

Remias next argues that the ALJ erred by failing to consider whether to give controlling weight to the medical opinions of her treating physicians, Dr. Larry Cowan and Dr. Shelby Raiser, and by failing to properly weigh those opinions. Dr. Cowan opined that Remias had various significant functional limitations, including her inability to work in a stressful environment, to maintain her composure at work, to work with the public, or to complete tasks

involving significant cognitive functioning. Dr. Raiser opined that Remias was permanently disabled and that she had extreme impairment to her ability to remember locations and workday procedures and her ability to interact appropriately with coworkers, supervisors, and the public.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be supported by the evidence in the record and sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the opinion and the reasons for that weight. *Id.* If a treating-source opinion is not given controlling weight, the ALJ must weigh the medical-opinion evidence based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id*.

In declining to give controlling weight to the opinions of treating physicians Dr. Cowan and Dr. Raiser, the ALJ clearly set forth the reasons for discounting their opinions. *See Francis v. Comm'r of Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). Substantial evidence supports the ALJ's decision to give little weight to the opinions. The ALJ reasonably gave little weight to Dr. Cowan's opinions on the basis that the severity of the functional limitations he found was not supported by Remias's treatment records, which, as noted above, did not specifically document significant, work-preclusive psychological problems. The ALJ likewise reasonably discounted Dr. Raiser's opinion on the basis that she is not a psychologist, her determination that Remias is permanently disabled is an issue reserved to the Commissioner, *see Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007), and Dr. Raiser's proposed functional

limitations were based largely on Remias's subjective complaints, which the ALJ found not to be credible.

Remias also argues that the ALJ failed to properly weigh the following opinion evidence: (1) the opinion of examining psychologist Dr. Marc Miller, who concluded that Remias has marked impairment in her ability to interact with others and deal with stress; (2) the opinion of Dennis Bowers, a clinical social worker, who concluded that Remias had several extreme functional limitations due to her extreme anxiety; and (3) the opinions of reviewing psychologists Cynthia Waggoner and Bruce Goldsmith, who concluded that Remias could perform low-stress jobs in a stable environment that involved minimal social interaction, infrequent change, and no strict production quotas or time constraints.

Substantial evidence supports the ALJ's weighing of these opinions. The ALJ reasonably discounted Dr. Miller's opinion on the basis that his conclusion that Remias had marked impairment in social interaction was contradicted by Dr. Miller's finding that Remias's social adaptation was fair and Dr. Miller's conclusion that Remias could not deal with stress was based solely on Remias's unreliable subjective complaints. The ALJ also reasonably gave little weight to Mr. Bowers's opinion because he relied heavily on Remias's unreliable subjective complaints, and because the extreme severity of Mr. Bowers's proposed limitations was not supported by Remias's treatment records. Finally, the ALJ reasonably credited the opinions of the reviewing psychologists, despite the fact that they did not review all of the medical evidence, because their conclusion that Remias retained the ability to perform some work was supported by the totality of the evidence in the record. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (concluding that an ALJ may rely on a state agency physician's opinion that is not based

on all of the medical evidence in the record if the ALJ takes into account any evidence that the

physician did not consider).

Accordingly, we **AFFIRM** the district court's judgment.