**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0350n.06

No. 18-5009

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 16, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOEL A. TWEEDLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: COLE, Chief Judge; SUTTON and LARSEN, Circuit Judges.

PER CURIAM. Joel A. Tweedle appeals the district court's judgment affirming the denial of his applications for disability insurance benefits and supplemental security income benefits.

In 2014, Tweedle filed applications for disability insurance benefits and supplemental security income benefits based on diabetes, morbid obesity, arthritis in both knees, right leg pain, hypertension, and sleep apnea. Tweedle's applications proceeded to an evidentiary hearing before an administrative law judge (ALJ). The ALJ concluded that Tweedle has severe impairments of diabetes, morbid obesity, osteoarthritis, lumbar degenerative disc disease with radiculopathy, and a history of a broken and repaired tibia/fibula. Relying primarily on the opinion of a state agency examining physician, Dr. Mark Burns, the ALJ concluded at the fourth step of the five-step disability evaluation sequence that Tweedle has the physical residual functional capacity (RFC) to perform a limited range of work at the light level of exertion. In arriving at this RFC, the ALJ

found that Tweedle was not credible as to the intensity, persistence, and limiting effects of his allegedly disabling pain. As determined by the ALJ, Tweedle's RFC precluded him from performing his past relevant work as a security guard, stable attendant, and jockey valet, which generally were performed at the heavy or very heavy level of exertion, but a vocational expert testified that Tweedle can perform jobs like small parts assembler, electronics assembly worker, and laundry folder. Since these jobs exist in the national economy in significant numbers, the ALJ concluded that Tweedle was not disabled under the Social Security regulations and denied his applications.

The Appeals Council declined to review the ALJ's decision, and the district court affirmed the denial of Tweedle's applications. On appeal, Tweedle argues that the ALJ's adverse credibility determination was not supported by substantial evidence because he did not consider the record evidence as a whole.

We review the district court's decision de novo in Social Security cases. *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Our review of an ALJ's disability decision is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings were supported by substantial evidence. *See id.* "Substantial evidence" is more than a scintilla but less than a preponderance—it "is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *See id.* (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)). An ALJ may consider the claimant's credibility in evaluating complaints of pain. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). We give great deference to the ALJ's credibility determination as long as it was supported by substantial evidence. *See id.*

Tweedle claimed that he could stand only for about five minutes at a time, that he could walk only about half a block without pain medication and one block with pain medication, that he had to take two-to-three-hour naps every day due to the side effects of his pain medications, and that he could lift only five to ten pounds without experiencing pain in his lower back and shoulders. Tweedle also claimed that he needed a cane to assist him with walking because his back pain made him a fall risk. But as the ALJ pointed out, Tweedle did not need a cane or assistive device to ambulate when Dr. Burns examined him about ten months before the evidentiary hearing. Moreover, during Dr. Burns's examination, Tweedle had normal motor strength and full range of motion in both the upper and lower extremities, and he "was able to perform gait, station, heel, toe, and tandem walk and knee squat without difficulty." Dr. Burns concluded that Tweedle had no restrictions on his ability to work, and there are no contrary medical opinions. The ALJ, however, accounted for Tweedle's pain and obesity by restricting him to jobs that require only occasional climbing of ramps and stairs, kneeling, crouching, crawling, and balancing, and that do not involve climbing ladders, ropes, and scaffolds. The office notes do not record any complaints from Tweedle that his pain medications were making him drowsy, and at one point he specifically denied experiencing any side effects. It appears that Tweedle's pain was for the most part adequately controlled with medications, and the ALJ appropriately considered Tweedle's conservative treatment history in discounting his claim of disabling pain. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 631 (6th Cir. 2016); *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 806 (6th Cir. 2011). In light of this discussion, we conclude that substantial evidence supports the ALJ's adverse credibility determination.

In arguing that the ALJ did not consider the record as a whole, Tweedle for the most part highlights only the evidence that supports his claims for benefits, which is not the proper inquiry.

*See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion."). In any event, we are satisfied that the ALJ properly evaluated the record in denying Tweedle's applications.

We **AFFIRM** the district court's judgment.